# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2011

No. 10-20216

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

HUBER FRANCISCO SIERRA, also known as Gallero

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-690-1

Before GARWOOD, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Huber Francisco Sierra was convicted, pursuant to his guilty plea, of one count of conspiring to possess with intent to deliver five kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count One) and one count of conspiring to launder monetary instruments (Count Three). The indictment also contained a notice of criminal forfeiture.

In his plea agreement, Sierra admitted that he had derived twenty million dollars in United States currency from the offenses of conviction, and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he agreed, *inter alia*, not to oppose "a final order of forfeiture consisting of a personal money judgment against the defendant in the amount of $20 million in United States currency."

At Sierra's rearraignment, held in April 2003, the district court granted the Government's motion for entry of a preliminary order of forfeiture. In July 2003, the district court granted the Government's motion to amend the preliminary order of forfeiture. The amended order reflected that certain real property, identified as a lot in the Waterbrook West subdivision, was forfeited to the United States. In December 2003, the district court granted the Government's motion to amend the first amended order of forfeiture. The later order included additional real property, funds on deposit in bank accounts, and vehicles.

Sierra's wife, Sanjuanna Quintanilla Sierra, and Joseph Kenneth Morris, who identified himself as Sierra's business partner, moved for a hearing to adjudicate the validity of their interests in the property the Government sought to substitute as assets to satisfy the forfeiture judgment against Sierra. The Government negotiated settlement agreements with Morris and Mrs. Sierra, which the district court approved in July 2006 and May 2007, respectively.

The Government moved in May 2007 for entry of a final judgment of forfeiture. The district court, Judge Gilmore, granted the motion and entered a final judgment of forfeiture by order dated May 29, 2007. The order included the personal money judgment in the amount of twenty million dollars. The case was subsequently transferred to Judge Hughes.

Sierra's sentencing hearing was conducted in March 2010, Judge Hughes presiding. During the sentencing hearing, the Assistant United States Attorney brought the final judgment of forfeiture signed by Judge

2

Gilmore to the attention of Judge Hughes and requested that the district court "orally announce that [the final judgment of forfeiture] is part of the sentence."

The sentencing court refused to include the monetary forfeiture judgment in the sentence, instead stating that "[t]he final judgment of forfeiture will be the property, period."

The district court sentenced Sierra to concurrent 120-month terms of imprisonment on Count One and Count Three and to a three-year term of supervised release on both counts. The written judgment issued by the district court provided that Sierra was to forfeit his interest in the property located in the Waterbrook West subdivision. No additional forfeited property was listed, and the criminal judgment issued by the district court did not include a monetary forfeiture judgment. The Government filed a timely notice of appeal. Sierra has neither appealed nor filed any brief.

The Government contends that the district court erred by not ordering the forfeiture money judgment as part of Sierra's sentence and including it in the criminal judgment.

The judgment of conviction is VACATED and the case is REMANDED for entry of a corrected judgment of conviction which includes the May 29, 2007 final judgment of forfeiture.

VACATED and REMANDED